UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ROBERT BARTOL,<br>    *Plaintiff,* | )<br>)<br>) | |
| v. | )<br>) | Case No. 1:22-cv-00152-CHS<br>(Lead Case) |
| CITY OF CHATTANOOGA,<br>    *Defendant*, | )<br>)<br>) | |

| | | |
|---|---|---|
| ROBERT BARTOL,<br>    *Plaintiff,* | )<br>)<br>) | |
| v. | )<br>) | Case No. 1:24-cv-00170-CHS |
| CITY OF CHATTANOOGA,<br>    *Defendant.* | )<br>)<br>)<br>) | |

**O R D E R**

This matter is before the Court upon Plaintiff's Motion *in Limine* [Doc. 68 in No. 1:22-cv-152], Defendant City of Chattanooga's Proposed Jury Instructions [Doc. 69 in same], and Plaintiff's Proposed Final Jury Instructions [Doc. 70 in same]. The Court conducted a final pretrial conference on December 16, 2024, to address these and other pretrial matters. Attorney Taylor Ferguson appeared for Plaintiff. Attorneys Phil Noblett, Kathryn McDonald, and Gregory Glass appeared for Defendant.

**I.    Final Pretrial Order**

At the hearing, the Court first addressed the submission of a final pretrial order. The parties were given a blank form order and an example of a completed final pretrial order used in a previous case. The Court instructed the parties to meet and confer, and then to submit a final pretrial order

1

to the Court. The parties are encouraged to contact the Court via phone or email with any questions that arise with respect to preparation of the Final Pretrial Order.

## II.  **Motions *in Limine***

Second, the Court addressed Plaintiff's various motions *in limine*. As was discussed at the final pretrial conference, the Court will grant the following specific motions *in limine* contained within Plaintiff's Motion *in Limine* [Doc. 68]:

    (b) Any evidence relating to settlement negotiations.

    (e) Any evidence relating to any finding of Plaintiff's EEOC Charge.

The Court will deny the following motions *in limine* contained within Plaintiff's Motion *in Limine* [Doc. 68]; however, such ruling will not prevent Plaintiff from objecting to the introduction of such evidence during the course of trial:

    (a) Any evidence related to the parties' pretrial positions and/or discovery disputes.

    (c) Any evidence relating to Plaintiff's workers compensation settlement.

    (d) Any evidence relating to the disposition of Plaintiff's claims that were dismissed at summary judgment.

    (g) Any evidence relating to other lawsuits filed by Plaintiff.

    (j) Any evidence of Plaintiff's arrests, convictions, or testimony in other criminal proceedings.

The Court will dismiss without prejudice the following motions *in limine* contained within Plaintiff's Motion *in Limine* [Doc. 68], with the understanding that Plaintiff may refile a separate motion *in limine*, with an accompanying memorandum of law, with respect to each of these issues prior to trial:

    (f) Any evidence relating to Plaintiff's employment concurrent to his employment with Defendant.

(h) Any evidence relating to Plaintiff's Administrative Appeal (i.e. Loudermill) and any findings.

(i) Any reference, including during voir dire, regarding Defendant's counsel's success in Plaintiff's Loudermill hearing.

### III. Jury Instructions

Finally, the Court addressed the parties' proposed jury instructions. As discussed at the hearing, the parties will compare their proposed jury instructions with each other and with the relevant Sixth Circuit and Tennessee Pattern Jury Instructions; meet and confer to streamline the issues; and endeavor to submit to the Court a set of joint proposed jury instructions. To the extent that the parties cannot agree upon a complete set of proposed jury instructions, each party shall (in addition to submitting a set of joint proposed jury instructions) submit specific individual proposed jury instructions highlighting for the Court: (1) the relevant pattern instruction relied upon; (2) how the proposed instruction differs from the pattern jury instruction; and (3) the rationale for the proposed customized jury instruction.

### IV. Conclusion

For the reasons set forth below, it is hereby **ORDERED** that:

1. The parties shall meet and confer, and submit a joint final pretrial order by **January 7, 2025**.

2. Plaintiff's Motion *in Limine* [Doc. 68 in No. 1:22-cv-152] is **GRANTED IN PART** as to requests (b) and (e).

3. Plaintiff's Motion *in Limine* [Doc. 68 in No. 1:22-cv-152] is **DENIED IN PART** as to requests (a), (c), (d), (g), and (j).

4. Plaintiff's Motion *in Limine* [Doc. 68 in No. 1:22-cv-152] is **DISMISSED IN PART** as to requests (f), (h), and (i), without prejudice to refiling separate motions *in limine* as to each of the issues presented therein.

5. The parties shall meet and confer regarding proposed jury instructions with the parties submitting their proposed joint instructions, as well as any separate instructions, by **January 7, 2025**.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

4

Case 1:22-cv-00152-CHS     Document 77     Filed 12/28/24     Page 4 of 4     PageID #: 1785